IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| MARY LETNEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV 122-091 |
| ACADEMY SPORTS AND OUTDOORS, | ) ) ) |
| Defendant. | ) ) |

**O R D E R**

As a result of falling while present as an invitee on the premises of Defendant Academy Sports and Outdoors, Plaintiff alleges the business is liable for her medical expenses, pain and suffering, loss of quality of life, lost wages, litigation expenses, and punitive damages. (See Compl., doc. no. 1-1.) Plaintiff filed this action in the Superior Court of Columbia County, and Defendant filed a Notice of Removal on July 19, 2022, asserting diversity of citizenship and an amount in controversy that exceeds $75,000. (Doc. no. 1, p. 2.) There is no specific amount of damages claimed in the complaint beyond $14,274.84 in medical expenses. (Doc. no. 1-1, p. 4.)

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). If the amount is not facially apparent from the complaint, "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id. Further, the burden of proving the jurisdictional amount lies with the removing defendant. Id.

The stated basis for satisfaction of the amount in controversy is the conclusory statement that the amount in controversy exceeds $75,000 based on Plaintiff's claimed medical expenses of $14,274.84 and the types of damages sought. (Doc. no. 1, pp. 3-4.) Thus, it is not facially apparent from the complaint that Plaintiff's claims exceed the amount in controversy requirement.

"[A] federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). Although a defendant must not "banish all uncertainty about" the amount in controversy, it must provide, at a minimum, specific factual allegations that, when "combined with reasonable deductions, reasonable inferences, and other reasonable extrapolations," allow the Court to conclude that the amount in controversy is satisfied, and the Court's analysis "focuses on how much is in controversy at the time of removal, not later." Pretka v. Kolter City Plaza, II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). Accordingly, the Court **ORDERS** Defendant to provide sufficient evidence within fourteen days of the date of this Order that the jurisdictional amount is in controversy.

As the time for Plaintiff's counsel to file a notice of appearance has not yet expired, the Court **DIRECTS** the **CLERK** to serve this Order by email and mail on Mr. Alex D. Mayfield at the addresses listed on the Certificate of Service for Defendant's Notice of Removal.

SO ORDERED this 20th day of July, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA